IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 21-cv-00664-RM-STV

STICKY.IO, INC., a Delaware corporation,

    Plaintiff,

v.

MARTINGALE SOFTWARE, LLC, a Colorado limited liability company,
JONATHAN BISCHOFF,
WALTER LONG, and
LAURA WALLACE TURNER,

    Defendants.

---

**ORDER**

---

    This case involving a misappropriation of trade secrets claim and related claims is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 45) to grant Defendants' Motion to Dismiss (ECF No. 12). The Recommendation advised Plaintiff that specific written objections were due within fourteen days after being served a copy of the Recommendation. The deadline for responding to the Recommendation has come and gone without a response from either party. "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991). For the reasons below, the Court accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

As outlined in greater detail in the Recommendation, Plaintiff provides software services for its clients pursuant to license agreements. The agreements permit the clients to grant access to their data to third parties, subject to the same terms and conditions of the agreements, including the non-competition and non-solicitation provisions. Plaintiff alleges generally that after Defendants were granted access to its clients' data, Defendants reverse-engineered its software and attempted to steal potential customers who had agreed to a free trial of certain products by making it appear as though they had subscribed to those products. Plaintiff brought this lawsuit asserting claims for (1) misappropriation of trade secrets, (2) tortious interference with a business relationship, (3) violation of the Computer Fraud and Abuse Act ("CFAA"), and (4) violation of the Colorado Consumer Protection Act ("CCPA"). Defendants' Motion to Dismiss was referred to the magistrate judge for a recommendation.

After full briefing on the matter, the magistrate judge made the following determinations: (1) the misappropriation claim failed because Plaintiff failed to provide any detail about the trade secrets Defendants allegedly misappropriated (ECF No. 45 at 8), (2) the tortious interference claim failed because Plaintiff failed to plausibly allege that its clients breached their licensing agreements (*id.* at 10), (3) the CFAA claim failed because Plaintiff failed to plead a loss of at least $5,000 stemming from the alleged unauthorized access (*id.* at 12), and (4) the CCPA claim failed because Plaintiff failed to allege with sufficient particularity any unfair or deceptive trade practice (*id.* at 15). Nonetheless, because it is possible that Plaintiff could plausibly plead such claims, the magistrate judge recommended that each of them be dismissed without prejudice.

The Court discerns no error on the face of the record and agrees with the magistrate judge's conclusion that dismissal of each claim without prejudice is appropriate. *See Gallegos*

*v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

Accordingly, the Court ACCEPTS the Recommendation (ECF No. 45), GRANTS the Motion to Dismiss (ECF No. 12), and directs the Clerk to CLOSE this case.

DATED this 3rd day of December, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge