IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-00664-RM-STV

STICKY.IO, INC., a Delaware corporation,

    Plaintiff,

v.

MARTINGALE SOFTWARE, LLC, a Colorado limited liability company,
JONATHAN BISCHOFF,
WALTER LONG, and
LAURA WALLACE TURNER,

    Defendants.

___

## ORDER
___

Before the Court is Defendants' Motion for Attorneys' Fees (ECF No. 54), which has been fully briefed (ECF Nos. 78, 81). Plaintiff did not object to the magistrate judge's Recommendation to dismiss without prejudice all of Plaintiff's claims. Nor did it move to amend its Complaint at any point in these proceedings. The Court adopted the Recommendation and entered final judgment in Defendants' favor on December 3, 2021. Defendants' Motion followed and is granted for the reasons below.

Defendants argue they are entitled to their fees pursuant to 18 U.S.C. § 1836(b)(3)(D), Colo. Rev. Stat. § 6-1-113(3), Colo. Rev. Stat. § 13-17-102, and Colo. Rev. Stat. § 13-17-201. Following the path of least resistance, the Court agrees that an award of attorney fees is warranted under § 13-17-201, which provides, in pertinent part, as follows:

> In all actions brought as a result of a death or an injury to person or property occasioned by tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

"Although the statute speaks of dismissals pursuant to Rule 12 of the Colorado Rules of Civil Procedure, the statute nevertheless applies to dismissals under Fed. R. Civ. P. 12(b)(6) as well." *Torres v. Am Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1287 (D. Colo. 2009). The statute is not limited to "state torts"; it also applies to "federal statutory tort[s]." *U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517 (Colo. App. 2009). And it applies where both tort and non-tort claims are pled. *See Torres*, 6060 F. Supp. 2d at 1292. When an action contains a mix of tort and other claims, fees may be awarded under the § 13-17-201 if the action is primarily a tort action. *U.S. Fax Law Ctr.*, 205 P.3d at 517-518.

Here, based on allegations that Defendants reverse-engineered its software and attempted to steal its customers, Plaintiff brought this lawsuit asserting claims for (1) misappropriation of trade secrets, (2) tortious interference with a business relationship, (3) violation of the Computer Fraud and Abuse Act ("CFAA"), and (4) violation of the Colorado Consumer Protection Act ("CCPA"). In their Motion to Dismiss, Defendants argued that the Complaint failed to state any claim for relief. (ECF No. 12 at 7-19.) In the Recommendation, the magistrate judge agreed that dismissal under Fed. R. Civ. P. 12(b)(6) was appropriate, and the Court adopted the Recommendation without objection by Plaintiff.

The Court has little trouble finding that this action sounds in tort. Misappropriation, interference with business relationships, and fraud are torts, notwithstanding Plaintiff's reliance on federal statutes for two of his claims. *See U.S. Fax Law Ctr.*, 205 P.3d at 517. And "[s]everal

2

courts, in applying § 13-17-201, have concluded that a claim alleging a violation of the CCPA is a tort claim." *Bldg. on Our Best LLC v. Sentinel Ins. Co. Ltd.*, No. 15-cv-00669-RBJ, 2016 WL 1756488, at *3 (D. Colo. May 3, 2016) (unpublished) (citing cases).

Plaintiff cites no authority for his contention that § 13-17-201 does not apply outside of Colorado state court. Federal cases cited in this Order belie such a notion.

Plaintiff's suggestion that the final judgment entered in this case might be construed as a "voluntary dismissal" is also unavailing. (ECF No. 78.) Although Plaintiff's claims were dismissed without prejudice, the Court granted Defendants' Motion to Dismiss and entered final judgment. Plaintiff cites no authority for the nonsensical proposition that his failure to seek to amend his Complaint at that point somehow rendered the dismissal voluntary.

Therefore, the Court concludes Defendants are entitled their attorney fees under § 13-17-201 and next turns to the reasonableness of their request. Plaintiff does not meaningfully address the amount of Defendants' fee request, arguing in his Response that its attorneys were unable to access certain exhibits in CM/ECF, and that the exhibits "were not received in time for this response," thereby suggesting it subsequently acquired them at some point. (ECF No. 78 at 2.) In any event, Plaintiff has not made any separate request for an extension of time or for leave to supplement its pleadings. See D.C.COLO.LCivR 7.1(d) (requiring that "[a] motion shall be filed as a separate document"). Based on its review of Defendants' counsels' submissions, the Court finds and concludes that the hours expended and the hourly rates charged are reasonable under the circumstances of this case. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Costs have been taxed by the Clerk in the amount requested in Defendants' motion (ECF No. 80), so the Court need not address that portion of the Motion here.

Accordingly, the Court GRANTS the Motion. Plaintiff may supplement its fee request as needed on or before April 22, 2022. Defendant shall have seven days to respond solely as to the reasonableness of any supplemental fee request.

DATED this 8th day of April, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge